UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM MACPHERSON and LESLIE SAIERS, *on behalf of themselves and all other employees similarly situated,*<br><br>                                *Plaintiffs,*<br><br>v.<br><br>FIRTH RIXSON LIMITED and FIRTH RIXSON, INC.,<br>                                *Defendants.* | CLASS AND COLLECTIVE ACTION COMPLAINT<br>AND DEMAND FOR JURY TRIAL<br><br>Civil Action<br>No. 12-cv-6162 |

## NATURE OF CLAIM

1.  This is a proceeding for declaratory relief, monetary damages and equitable relief to redress the deprivation of rights secured to plaintiffs, William MacPherson and Leslie Saiers individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 216(b).

3.  This Court's supplemental jurisdiction of claims arising under the NYLL is also invoked.

4.     Venue is appropriate in the Western District of New York since the allegations arose in this district, defendants do business in this district and the plaintiffs reside in this district.

## PARTIES

A.     **Defendants**

5.     Defendant Firth Rixson Limited is a private corporation based in the United Kingdom engaged in aerospace engine manufacturing including the engineering of forged metal products.

6.     Defendant Firth Rixson, Inc. is a private corporation that operates as a subsidiary of Firth Rixson Limited.

7.     Together defendants Firth Rixson Limited and Firth Rixson, Inc. constitute a centralized and integrated manufacturer of aerospace engines including seamless rolled rings, forgings and specialty metals ("Firth Rixson" or "defendants").

8.     Firth Rixson is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed plaintiffs and similarly situated class members.

9.     Firth Rixson is an enterprise engaged in interstate commerce, with annual gross volume sales made not less than $500,000.

10.    Defendants constitute a single, integrated enterprise because they share common management, their operations are interrelated, control over labor relations is centralized and they have common ownership.

11.    For example, the management team for Firth Rixson Limited, including the Chief Executive Officer and the Global Vice President of Human Resources, also manages and exercises operational control over Firth Rixson, Inc. Additionally, Firth Rixson's Board

of Directors maintains management control over Firth Rixson, Inc.

12. Defendants operations are also interrelated in that, for example, they work together to manufacture aerospace engines.

13. In addition, defendants maintain a centralized human resources function. For example, defendants employ a Global Vice President of Human Resources who oversees and manages human resources across Firth Rixson, including implementing, maintaining and enforcing human resources policies such as those at issue in this case. This centralized department also oversees and controls hiring and firing, compensation policies, wages, benefits, working conditions and payroll records for all of Firth Rixson, including for the plaintiffs in this case.

14. Moreover, defendants post job vacancies throughout Firth Rixson on their website, which is maintained by Firth Rixson Limited. Applicants can browse job vacancies throughout defendants' operations on the website.

15. Defendants' website also lists various corporate awards and recognitions received by employees throughout Firth Rixson, including Firth Rixson, Inc., such as the Supplier Award and Performance Award and Quality & On-time Delivery.

16. Firth Rixson Limited also implemented a comprehensive, integrated time keeping system involving both software applications and hardware utilized throughout its operations, including Firth Rixson, Inc., called "E-Time."

17. Further, defendants are owned, directly or indirectly, by Oak Hill Capital Partners.

18. These facts also support defendants' liability as joint employers. For example, because Firth Rixson, Inc. is a wholly owned subsidiary of Firth Rixon Limited, Firth Rison

Limited owns the premises and equipment used by plaintiffs to perform the work. Further, the work performed by the plaintiffs is essential to Firth Rixson's overall business of building engines. Given the control and oversight of Firth Rixson Limited's management team over Firth Rixson, Inc., Firth Rixson Limited supervised plaintiffs' work and plaintiffs worked exclusively or predominantly for Firth Rixson. In addition, through it centralized human resources function, Firth Rixson Limited also had the power to hire and fire employees, control work schedules and determine the rate and method of payment.

19.   Further, it is plausible that Firth Rixson Limited is liable to Plaintiffs and Class Members as a principal based on agency law. For example, through its control over Firth Rixson, Inc. and its centralized human resources function, Firth Rixson Limited caused the illegal compensation policies to be implemented at Firth Rixson, Inc. and those policies caused the wrongs at issue in this case.

20.   Likewise, it is plausible that Firth Rixson Limited is also liable to plaintiffs and class members as an employer based upon their participation in a joint venture.

21.   For example, upon information and belief, Firth Rixson Limited has engaged in a joint venture of aerospace engine manufacturing by entering into an agreement with Firth Rixson, Inc. established through their conduct such as sharing of profits and losses.

22.   Upon information and belief, Firth Rixson Limited jointly managed and controlled the joint venture as well as Firth Rixson, Inc.'s employees and assets by making contributions to Firth Rixson, Inc.'s operations and determining how those funds are shared.

23.   Furthermore, it is plausible that Firth Rixson Limited as a parent company is also liable to plaintiffs and class members as an alter ego based on it control and domination of Firth Rixson, Inc.

24. For example, Firth Rixson Limited's Human Resource Department controls and dominates Firth Rixson, Inc.'s compensation policies that are implemented throughout their operations which result in hourly employees not being paid for all hours worked.

25. Based upon Firth Rixson Limited's control and domination of Firth Rixson Inc.'s compensation policies, plaintiffs and class members are entitled to compensation for the time defendants permitted them to work but failed to properly compensate.

26. Based in part on these facts, defendants can be held liable as employers of the plaintiffs and class members for the violations complained of in this matter.

27. Defendants' policy and practice is to willfully deny wages including overtime wages by not paying non-exempt employees for all hours worked in violation of the FLSA and NYLL.

B. **Plaintiffs**

*Named Plaintiffs*

28. At all relevant times, William MacPherson and Leslie Saiers ("named plaintiffs") were employees of defendants under the FLSA and NYLL, within this District and reside within this District.

29. William MacPherson worked for defendants as an hourly employee from March 1974 until April 2011.

30. Leslie Saiers worked for defendants as an hourly employee from January 1981 until November 2011.

*Class Members*

31. The class and collective action members ("class members") are those current and former employees of defendants similarly situated to named plaintiffs MacPherson and

Saiers who were suffered or permitted to work by defendants and not paid for all hours worked including statutory overtime for hours worked over 40 per week in violation of the FLSA and NYLL.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs and class members' claims arise under NYLL are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

33. The class consists of former and current non-exempt employees who were employed in the last six years by defendants who were subject to defendants' pay policies which resulted in them not being paid for all the hours they were suffered or permitted to work including overtime pay.

34. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

35. The class size is believed to be over 200 employees.

36. The named plaintiffs, William MacPherson and Leslie Saiers, will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

37. There are no known conflicts of interest between the named plaintiffs and the other class members.

38. The class counsel, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

39. The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under

federal and state wage and hour laws.

40. Common questions of law and fact predominate in this action because the claims of all class members are based on whether defendants' practice of not paying non-exempt employees for all hours worked and/or statutory overtime for hours worked over 40 per week violates NYLL.

41. The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which defendants do business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for defendants.

42. The class action is maintainable under subsection (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. The class is also maintainable under Rule 23(c)(4) with respect to particular issues.

## FACTUAL BACKGROUND

44. Defendants operate factories throughout the United States and within New York State.

45. Named plaintiffs and class members are current and former hourly workers who worked for defendants at its locations throughout the United States. For example, named plaintiffs and class members worked for defendants as mill operators, saw operators, press operators, logistic coordinators, lab techs, maintenance, expander operators, heat treat operators, shipping and receiving clerks and inspectors.

46. Named plaintiffs and class members were expected to use defendants' uniform time keeping system "E-Time" which allows defendants to implement uniform pay policies.

47. Named plaintiffs and class members were compensated according to the same company-wide compensation policies, practices and procedures.

48. Defendants' uniform pay policies determine what hour's named plaintiffs and class members would be compensated and what hours were not compensated.

49. Defendants' pay policies did not compensate named plaintiffs and class members for all time recorded by the defendants' time keeping system.

50. To meet defendants' production goal and complete their required job duties, named plaintiffs and class members were required to perform work before and after their scheduled start and end times. As a result, named plaintiffs and class members typically worked in excess of forty (40) hours per week.

51. Even though defendants knew that plaintiffs and class members were working during this time, it did not pay plaintiffs and class members.

52. Named plaintiffs and class members' pay stubs clearly demonstrate that they were not paid for all hours defendants suffered or permitted them to work.

53. In addition, defendants paid named plaintiffs and class members non-discretionary bonuses based on defendants' financial performance.

54. Defendants' pay policies did not include these bonus payments in the calculation of named plaintiffs and class members' overtime.

55. Defendants' failure to pay overtime as required by the FLSA and NYLL was willful.

56. Defendants knew named plaintiffs and class members were supposed to be

paid for all hours worked including statutory overtime.

57. However, defendants willfully failed to pay wages including statutory overtime for all hours worked including when plaintiffs and class members worked over forty (40) hours in a week.

58. Defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

59. As a result of defendants' unlawful pay policies, named plaintiffs and class members suffered a loss of wages.

60. Further, defendants do not maintain accurate time records with respect to named plaintiffs and class members, as required by the FLSA and NYLL.

61. Defendants' recordkeeping and compensation policies and practices applied to all hourly employees.

62. As a result of defendants' unlawful policies and practices, defendants have willfully failed to pay named plaintiffs and class members for all hours worked including proper overtime compensation.

### FIRST CAUSE OF ACTION
*FLSA*

63. Named plaintiffs and class members reallege the above paragraphs as if fully restated herein.

64. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

### SECOND CAUSE OF ACTION
*New York Labor Law*

65. Named plaintiffs and class members reallege the above paragraphs as if fully

restated herein.

66. As a direct and proximate cause of defendants' acts, including defendants' failure to act in good faith, defendants willfully violated the NYLL and plaintiffs and class members have suffered damages pursuant to N.Y. LAB. LAW § 190(8), N.Y. LAB. LAW § 191 *et seq.*, including N.Y. LAB. LAW §§ 191, 193, 198, N.Y. LAB. LAW §§ 650 *et seq.*, and N.Y. COMP. CODES R. & REGS. § 142-2.2.

**WHEREFORE**, named plaintiffs and class members demand judgment against defendants in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(b) an award of the value of plaintiffs' and class members unpaid wages and overtime;

(c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs;

(d) under N.Y.LAB. LAW § 198, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due;

(e) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' and class members' rights;

(e) an award of pre- and post-judgment interest;

(f) the amount equal to the value that would make plaintiffs and class members whole for the violations; and

(g) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: March 30, 2012

                                        THOMAS & SOLOMON LLP

By: _/s/ Justin M. Cordello_____
     J. Nelson Thomas, Esq.
     Patrick J. Solomon, Esq.
     Justin M. Cordello, Esq.
     *Attorney for Plaintiffs*
     693 East Avenue
     Rochester, New York 14607
     Telephone: (585) 272-0540
     nthomas@theemploymentattorneys.com
     psolomon@theemploymentattorneys.com
     jcordello@theemploymentatorneys.com