UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

WILLIAM MACPHERSON and LESLIE SAIERS, on   :     Civil Case No.:  12-CV-6162
behalf of themselves and all other employees similarly  :
situated,                  :      Hon. Charles A. Siragusa
                :

           Plaintiffs,    :
                :

        v.             :
                :

FIRTH RIXSON LIMITED and FIRTH RIXSON INC., :
                :

           Defendants.   :
                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING
ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AND EXPEDITED NOTICE PURSUANT TO THE FAIR LABOR STANDARDS ACT**

**SEYFARTH SHAW LLP**

Robert Whitman
620 Eighth Avenue
New York, New York  10018
Phone:  (212) 218-5500
Fax:  (212) 218-5526
rwhitman@seyfarth.com

*Attorneys for Defendants*

Defendants Firth Rixson Limited and Firth Rixson, Inc. ("Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion for an Expedited Hearing on Plaintiffs' Motion for Class Certification and Expedited Notice Pursuant to the Fair Labor Standards Act ("Motion for an Expedited Hearing").

## BACKGROUND

Plaintiffs filed their class/collective action complaint ("Complaint") (Docket No. 1) on March 30, 2012, asserting claims under the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA").  On that same day, Plaintiffs filed three motions:  (1) a Motion for Class Certification Pursuant to Rule 23 and Expedited Notice Pursuant to the FLSA ("Motion for Class Certification") (Docket No. 5), which seeks to (a) certify a class under the NYLL and (b) conditionally certify a class under the  FLSA; (2) a Motion for an Expedited Hearing on Plaintiffs' Motion for Class Certification (Docket No. 8); and (3) a Motion for Leave to File Excess Pages for their Motion for Class Certification (Docket No. 3).  Plaintiffs served Defendants with their Complaint and these three motions on Tuesday, April 3, 2012.

Despite the fact that Plaintiffs had not yet served Defendants with the Complaint, Plaintiff thought it appropriate to ask the Court, on March 30, 2012, to set a briefing schedule that would force Defendants to respond to Plaintiffs' 31-page, two-part certification brief within only a few days of being served with the motion, let alone learning of the lawsuit.  Under Plaintiffs' proposed schedule, Defendants would have only six days (including Good Friday and Easter weekend) to respond to its motion – eight fewer days than provided by the Local Rules.[1] (See Proposed Order (Attachment to Docket No. 3).)  Remarkably, Plaintiffs afforded

---

[1] Local Rule 5(b)(2)(B) provides that if a briefing schedule is not ordered by the court, "[t]he opposing party shall have fourteen (14) days after service of the motion to file and serve responding papers, and the moving party shall have seven (7) days after service of the responding papers to file and serve reply papers."

themselves <u>ten days</u> to reply to Defendants' opposition, notwithstanding that the Local Rules generally provide only seven days to file a reply.  Thus, Plaintiffs' Motion for an Expedited Hearing seeks to give Defendants <u>less</u> time to respond to Plaintiffs' 31-page brief than they would have had otherwise, while giving Plaintiffs <u>more</u> time to file a reply.

## ARGUMENT

Plaintiffs' Motion for an Expedited Hearing should be denied.  Notwithstanding the language in Plaintiffs' brief, their <u>actions</u> demonstrate that time is not "of the essence" for resolving Plaintiffs' Motion for Class Certification.  Were time actually "of the essence," Plaintiffs would not have proposed a briefing schedule that gave themselves extra time – above and beyond that ordinarily provided under the Local Rules – to file reply papers.  The clear import of Plaintiffs' Motion for an Expedited Hearing is that time is of the essence only to the extent that it means denying Defendants sufficient time to respond to the motion.

Furthermore, were time truly of the essence, Plaintiffs would not have filed a motion seeking both certification of the putative NYLL class pursuant to Rule 23 and conditional certification under FLSA § 216(b).  The motion for Rule 23 class certification is entirely premature.  As set forth in the Local Rules, class discovery must occur before any motion for class certification is filed.  <u>See</u> Local Rule 23(c) ("Within sixty days after issue is joined in any class action, counsel for the parties **shall** meet with a District Judge or Magistrate Judge, who **shall** issue a scheduling order providing for orderly discovery.  The initial scheduling order may address only discovery relevant to certification of the alleged class, with a further scheduling order **to follow a determination on the certification motion**.") (emphasis added).

Plaintiffs' disregard of the procedure set forth in the Local Rules, and their utter failure even to argue that "time is of the essence" with respect to the Rule 23 motion, show that

Plaintiffs themselves do not believe that time is of the essence with respect to certifying the NYLL class.  Rather, Plaintiffs' inclusion of the Rule 23 portion of the motion is clearly meant to distract Defendants from their response to the motion to conditionally certify the FLSA class – the critical portion of Plaintiffs' motion.

Additionally, Plaintiff's Motion for an Expedited Hearing should be denied because it has been made in violation of the Local Rules.  Local Rule 8(d)(1) provides that when filing a motion for an expedited hearing, a party must include with the filing:

> (A) the motion the party is seeking to have heard on an expedited basis, together with supporting affidavits and memorandum of law; and

> (B) a proposed order granting an expedited hearing, with dates for serving the motion, filing responsive papers, and for a hearing left blank to be filled in by the Court.

(emphasis added)  Thus, the Rule provides that the motion for which a party seeks an expedited hearing shall not be served until after the Court rules on the motion for an expedited hearing. Here, Plaintiffs have already served Defendants with the Motion for Class Certification and have therefore not included a date for serving the Motion for Class Certification in their Proposed Order.  This course of action attempts to circumvent the plain requirements of Local Rule 8(d)(1), and should not be permitted.

Finally, with respect to their Motion for Leave to File Excess Pages for their Motion for Class Certification, Plaintiffs offer no justification for that request other than the statement of counsel that they need the enlargement of the page limit "[i]n order to adequately address the basis" for their underlying motion.  (Affirmation of Justin M. Cordello ¶ 3) (Docket No. 4.)

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for an Expedited Hearing and their Motion for Leave to File Excess Pages for their Motion for Class Certification.  Instead, Defendants propose the following briefing schedule:

(1)     Within 14 days of the issuance of an Order on Plaintiff's Motion for an Expedited Hearing, Defendants shall file and serve electronically any opposition to Plaintiffs' Motion for Class Certification; and

(2)     Within 7 days after service of Defendants' opposition to Plaintiffs' Motion for Class Certification, Plaintiffs shall file and electronically serve any reply papers in support of Plaintiff's Motion for Class Certification.

April 4, 2012
New York, New York

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s Robert S. Whitman
Robert S. Whitman
620 Eighth Avenue
New York, New York  10018
Phone:  (212) 218-5500
Fax:  (212) 218-5526
rwhitman@seyfarth.com

*Attorneys for Defendants*