UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————

WILLIAM MACPHERSON and LESLIE SAIERS,                  DECISION AND ORDER
on behalf of themselves and all other employees
similarly situated,

                              Plaintiffs,                  12-CV-6162 CJS

            -v-

FIRTH RIXSON LIMITED and FIRTH RIXSON,
INC.,

                              Defendants.

———————————————

APPEARANCES

For Plaintiffs:              Michael J. Lingle, Esq.
                            Justin M. Cordello, Esq.
                            Thomas & Solomon LLP
                            693 East Avenue
                            Rochester, New York 14607

For Defendants:             Robert S. Whitman, Esq.
                            Seyfarth Shaw LLP
                            620 Eighth Avenue
                            New York, New York 10018-1405

                            Richard L. Alfred, Esq.
                            Seyfarth Shaw LLP
                            World Trade Center East
                            Two Seaport Lane, Suite 300
                            Boston, Massachusetts 02210

INTRODUCTION

        This is an action pursuant to the Fair Labor Standards Act ("FLSA") and the New York

Labor Law ("NYLL").  Now before the Court is Plaintiffs' motion (Docket No. [#5]) seeking,

*inter alia*, class certification of the NYLL claim under FRCP 23 and conditional certification

of the FLSA collective action under 29 U.S.C. § 216(b).  The application for Rule 23 class

certification is denied, and the application for conditional certification of the FLSA collective action is granted in part and denied in part.

## BACKGROUND

Defendants manufacture metal components for a variety of manufacturing applications. According to Plaintiffs, Firth Rixson Limited is a parent corporation and Firth Rixson, Inc. is a wholly-owned subsidiary, but for purposes of this action Plaintiffs maintain that the two companies are a "single, integrated enterprise." This proposed class/collective action is brought by two former hourly employees who maintain that Defendants routinely failed to pay them and their co-workers for overtime work. Plaintiffs indicate that Defendants' established policies deprived them of overtime pay in two ways. First, Plaintiffs maintain that Defendants did not pay them for all hours recorded on their time sheets. In that regard, they state that Defendants set production goals that required employees to perform extra work before and after their regular shifts, but did not pay for such extra work. Plaintiffs also allege that Defendants automatically deducted 30-minute meal breaks from employees' hours, even when employees did not take such breaks, which deductions resulted in employees receiving less overtime pay than they would have if such breaks had not been deducted. Second, Plaintiffs contend that when Defendants did pay employees for overtime, they failed to pay at the correct rate. On this point, Plaintiffs maintain that Defendants paid less than the required rate of 1.5 times the employees' regular rate, because they did not include bonuses when calculating the regular pay rate.

Plaintiffs indicate that Defendants operate manufacturing plants at various locations in the United States, and this action purports to be brought on behalf of all "current and former hourly workers who worked for defendants at . . . locations throughout the United

States." Complaint [#1] at ¶ 45.  Presently, though, the only four employees who have opted

into the FLSA action were all employed at one manufacturing plant located in Rochester,

New York, which the parties refer to as "Monroe."

On March 30, 2012, Plaintiffs commenced this action.  The same day, Plaintiffs filed

the subject motion [#5] seeking class certification of the NYLL claim under FRCP 23,

conditional certification of the FLSA collective action under 29 U.S.C. § 216(b).  Plaintiffs

also demand a list from Defendants of all employees described in the Complaint, to enable

them to provide expedited notice to those employees.[1]

In support of the applications, Plaintiffs submitted affidavits from the two named

Plaintiffs, William Macpherson and Leslie Saiers, and from two other employees, Tricia Lee

Goodwin and Todd Stiteler.  The affidavits are essentially two-page, "cookie-cutter" affidavits

containing the same general allegations.  Specifically as to whether they were victims of a

"common policy," Plaintiffs state that in 2005, Firth Rixson implemented a time-keeping

system called "E-Time," and that Human Resources Director Mary Lindsay told each of them

that "Firth Rixson's  hourly employees company-wide would now use the same time keeping

system because the company was implementing the same policy to determine what swipe

time would actually be paid and what swipes would not be paid." *See*, Aff. of William

Macpherson [#7-8] at ¶ 6.

In response to those affidavits, Defendants submitted an affidavit from Lindsay, who

states the following: 1) She, along with Macpherson, Saiers, Goodwin and Stiteler, were all

---

[1]On April 24, 2012, Defendants filed a motion [#18] to dismiss the Complaint pursuant to FRCP 12(b)(6), and a motion [#19] to stay consideration of Plaintiffs' motion for class certification until after the motion to dismiss is resolved.  By separate Order, the Court is denying the Motion to Dismiss, and the Motion to Stay is therefore moot.

employed by Firth Rixson, Inc., otherwise know as "Monroe," in Rochester, New York;  2) in the United States there are "several" entities related to Firth Rixson, Inc. and Firth Rixson Limited, but neither of the Defendants has an ownership interest in them; 3) Monroe and each of the related entities have their own management and human resources personnel, and the "pay policies and practices vary widely among Monroe and the Related Entities," based on factors such as the preferences of the local human resources and payroll personnel and the facilities' production goals; 4) Monroe and the related entities have different policies regarding meal breaks; 5) although Monroe and the related entities all use the "E-Time" timekeeping system, they all implement it differently and customize it for their particular needs; 6) Monroe and the related entities have different policies regarding payment for  "unapproved time," which is the time for which an employee is "clocked in" before or after their actual shift; and 7) bonus payments for Monroe employees were discretionary.

DISCUSSION

### The FLSA and NYLL

Plaintiffs are seeking overtime pay under both the FLSA and the NYLL.  The two statutes are similar:

> The FLSA's overtime provision requires that employees receive compensation for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  The statute provides a two-year statute of limitations for actions to enforce its provisions except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.
>
> ***
>
> The New York Labor Law generally mirrors the guarantees and exemptions of the FLSA with regards to overtime pay. However, some employees exempt from the FLSA's overtime provisions are entitled to an overtime wage of at least one

4

and one-half times the basic minimum hourly rate.  Claims under the New York
Labor Law are subject to a six-year statute of limitations.

*Williams v. Skyline Automotive Inc.*, No. 11 Civ. 4123 (SAS), 2011 WL 5529820 at *2-3

(S.D.N.Y. Nov. 14, 2011) (footnotes and internal quotation marks omitted).

### The Request for Certification of a NYLL Class Action under FRCP 23[2]

It is well-established that "a plaintiff must satisfy all of the requirements of Rule 23,

by a preponderance of the evidence, to obtain class certification." *Novella v. Westchester*

*County*, 661 F.3d 128, 148-149 (2d Cir. 2011).  In that regard,

> Rule 23 subjects a complaint to a "rigorous analysis" before a court may certify
> a class action. To qualify for certification, a plaintiff bears the burden of
> proving that the putative class action meets each of the four requirements of
> Rule 23(a), and also satisfies at least one of the categories provided in Rule
> 23(b). Courts are to determine whether to certify an action as a class action
> "at an early practicable time." Fed.R.Civ.P. 23(c)(1)(A). . . .  However, a
> decision about certification need not be made at the outset; a court should
> delay a certification ruling until information necessary to reach an informed
> decision is available. See Fed.R.Civ.P. 23(c)(1) advisory committee notes to
> 2003 amendments. *See also Philip Morris Inc. v. Nat'l Asbestos Workers*
> *Medical Fund*, 214 F.3d 132, 135 (2d Cir.2000) (per curiam) ("[T]here can be
> no doubt that it is proper for a district court, prior to certification of a class, to
> allow discovery and to conduct hearings to determine whether the
> prerequisites of Rule 23 are satisfied." (*quoting Sirota v. Solitron Devices, Inc.*,
> 673 F.2d 566, 571 (2d Cir.1982))); *Sirota*, 673 F.2d at 571 ("[A] district court
> may be reversed for premature certification if it has failed to develop a
> sufficient evidentiary record from which to conclude that the requirements of
> [Rule 23(a) ] have been met.").

*Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 66-67 (N.D.N.Y. 2008) (some citations omitted).

Regarding the taking of discovery, this Court's Local Rules envision and direct that

---

[2]Unlike the FLSA claims, this claim is just for employees who worked in New York.

"discovery relevant to certification of the alleged class" will be taken prior to a motion for class certification. Local Rule of Civil Procedure 23(c)&(d).

In ruling upon a motion for class certification, the Court must accept the allegations in the complaint as true, but must also examine affidavits and other materials outside of the complaint to determine whether the plaintiff has met the requirements for certification:

> In deciding whether the requirements of Rule 23 have been met, the Court may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery. Hence, the issue on [a motion for class certification] is whether the plaintiffs have met their burden of establishing, on the basis of the pleadings, affidavits, and the results of discovery, that the four prerequisites of Rule 23(a) have been met, and that the proposed class can be maintained under Rule 23(b)(3).

*Katz v. Image Innovations Holdings, Inc.*, 2010 WL 2926196 at *2 (S.D.N.Y. Jul. 22, 2010) (citations omitted); *but see, id*. ("A motion for class certification should not, however, become a mini-trial on the merits. The dispositive question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 have been met.") (citations omitted).

Here, the Court finds that Plaintiffs' Rule 23 motion must be denied as premature, since there has been no opportunity for discovery. In that regard, the motion does not comply with Local Rule 23. Moreover, Defendants have indicated that they need discovery before responding to the motion. *See*, Def. Memo of Law [#23] at p. 4. On the other hand, Plaintiffs have not made a compelling argument for considering the motion prior to discovery. Accordingly, the Rule 23 motion is denied without prejudice to being renewed once discovery has taken place in accordance with Local Rule 23.

<u>*The Request for Preliminary Certification of an FLSA Collective Actions*</u>

Unlike class certification motions under Rule 23, motions for preliminary certification of FLSA collective actions are more easily supported, and are designed to be made prior to discovery.

> A majority of district courts, including those within the Second Circuit, employ a two-step process to determine whether a lawsuit should proceed as an FLSA collective action.

> At the first step—the notice stage—the court determines, based on the pleadings, affidavits, and declarations, whether the named plaintiffs have demonstrated that the employees they seek to notify are "similarly situated." The evidentiary standard is lenient at this stage, the plaintiffs need make only a modest factual showing that they and the other putative collective action members together were victims of a common policy or plan that violated the law. A plaintiff's burden on this step is minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one.

> The second step occurs after discovery is complete, when the court examines the evidentiary record and makes a factual finding as to whether the conditionally certified plaintiffs are, in fact, similarly situated to the lead plaintiffs. If the court determines the opt-in plaintiffs are not similarly situated, the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims. Alternatively, if the class description is shown to require modification, that can be accomplished at the second tier inquiry.

*Gordon v. Kaleida Health*, No. 08–CV–378S, 2009 WL 3334784 at *3-4 (W.D.N.Y. Oct. 14, 2009) (citations, internal quotation marks and footnote omitted); *see also, Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 (2d Cir. 2010) (Indicating that while the two-step process described above is "not required by the terms of the FLSA or the Supreme Court's cases," it is nonetheless "sensible.").

According to the Second Circuit, plaintiffs may demonstrate that they and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law,"

> by making some showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions . . . .   The modest factual showing cannot be satisfied  simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist.

*Myers v. Hertz Corp.*, 624 F.3d at 555.

In this case, at the outset the Court observes that the Complaint [#1] discusses just two companies, Defendant Firth Rixson Limited and Defendant Firth Rixson, Inc.  The former is the parent company located in the United Kingdom, and the latter, also known as Monroe, is located in Rochester, New York.  According to the undisputed statement of Mary Lindsay, Firth Rixson Inc. "is a private company with operations in one facility located in Rochester, New York." Lindsay Aff. ¶ 2.  To the extent that Plaintiffs maintain that "Firth Rixson Inc." includes related entities outside of New York State, the record does not support that conclusion.

Although the Complaint alleges that "Defendants operate factories throughout the United States and within New York State" and that "plaintiffs and class members" "worked for defendants at its locations throughout the United States," the Complaint does not name the related factories located outside of New York State, or discuss them further, except perhaps for the allegation that Firth Rixson Limited used the E-Time timekeeping program "*throughout its operations*, including Firth Rixson, Inc." Complaint [#1] at ¶ 16.   The

8

Complaint does not specifically contend that any of the complained-of pay practices occurred at the related factories.

The Court finds that Plaintiffs have made the necessary showing to warrant the preliminary certification of a collective action limited to employees of the Monroe facility, but not as to a nationwide class. On this point, the Court finds that Plaintiffs' purported factual contentions regarding other facilities are mere "unsupported assertions," which are contradicted by Lindsay's affidavit. In fact, Plaintiffs do not offer any evidence regarding specific related entities. Instead, Plaintiff's affidavits' references to "Firth Rixson" pertain only to the Monroe facility, where all four affiants were employed. *See, e.g.*, MacPherson Aff. [#7-8]. None of the four claim to have any personal knowledge regarding practices at the related facilities, and no affidavits were submitted from employees at those facilities.[3]

At most, Plaintiffs' affidavits indicate that Lindsay told them, "in approximately 2005," that "Firth Rixson's hourly employees *company-wide* would now use the same time keeping system because the company was implementing the same policy to determine what swipe time would actually be paid and what swipe time would not be paid." *See, e.g.*, Macpherson Aff. [#7-8] at ¶ 6 (emphasis added). This statement, though, is ambiguous regarding the particular "company" to which Lindsay was allegedly referring. That is, Lindsay maintains

---

[3]Plaintiffs maintain that this Court should approve a nation-wide FLSA collective action, relying upon the Court's prior decision in *Barrus v. Dick's Sporting Goods, Inc.*, 2006 WL 3373117 (W.D.N.Y. Nov. 3, 2006), which adopted a Report and Recommendation of the Hon. Jonathan W. Feldman, United States Magistrate Judge. However, that decision is factually inapposite, since the plaintiffs in that case submitted affidavits from employees at multiple store locations around the U.S. in order to establish the existence of a common policy. *See, Barrus v. Dick's Sporting Goods, Inc.*, 465 F.Supp.2d 224, 227 (W.D.N.Y. 2006) (report & recommendation) ("Plaintiffs have submitted affidavits suggesting that the automatic deduction policy, the lack of training and supervision over the policy, and the loss of otherwise compensable time to employees was not limited to the stores in the Rochester, New York area."); *see also, id*. at 230 (That the offending practices alleged in the affidavits were factually similar in various store locations in different states throughout the country (and for relatively long periods of time) only serves to reinforce the conclusion that plaintiffs have met their minimal burden of showing company-wide practices or policies for which employees in the classes alleged would be "similarly situated.").

that Firth Rixson, Inc., also known as Monroe, is a company "with operations in one facility located in Rochester, New York." *Id*. at ¶ 2.   Lindsay further states that her position is Human Resources Manager solely for Monroe. *Id*. Accordingly, even assuming that Lindsay made the statement attributed to her, it does not seem that she would have been speaking about practices at other facilities.

Even assuming that Lindsay intended to include related entities when she stated that E-Time was going to be used "company wide," such statement does not indicate the existence of "a common policy or plan that violated the law."  Moreover, although Lindsay admits that Monroe and the related facilities all use the same timekeeping program, she insists that they all customize that program "to fit [their] particular needs and to accommodate the requirements of local law." Lindsay Aff. at ¶ 9.  In addition, while she does not explain the basis for her knowledge, Lindsay states that she is familiar with the "timekeeping and payroll policies and practices" at other related facilities, and that they "vary widely." *Id*. at ¶ 7.  Lindsay's affidavit is essentially uncontested on these points.  In that regard, Plaintiffs have submitted affidavits contesting certain aspects of Lindsay's affidavit, but they have not challenged the points in her affidavit that are discussed above. *See*, Docket Nos. [#38-1] & [#38-2].[4]

### *Notice and Disclosure of Information Concerning Potential Opt-in Plaintiffs*

Defendants have raised a number of objections to Plaintiffs' demand for information concerning potential opt-in plaintiffs, and to Plaintiffs' proposed notice form.  Clearly, the

---

[4]The Court is aware that on a motion for preliminary certification of an FLSA collective action, it need not resolve issues of fact.  Here, although the Court discusses the points raised in Lindsay's affidavit, it is not resolving disputed issues of fact.  The Court believes that Plaintiffs have failed to carry their minimal burden even without regard to Lindsay's affidavit.

proffered notice should be modified to omit information concerning the proposed NYLL class action, since the Court is denying the motion for certification of such class.  Moreover, Plaintiffs' request for the potential opt-in plaintiffs' social security numbers, birth dates and telephone numbers is denied at this time for the privacy reasons discussed in *Jacob v. Duane Reade, Inc.*, No. 11–cv–0160 (JPO), 2012 WL 260230 at *9 (S.D.N.Y. Jan. 27, 2012) (collecting cases); *see also, Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011) ("The plaintiffs' request for the social security numbers of these employees remains premature and invasive of the employees' privacy. The plaintiffs have proffered no new reason for requesting this information and instead re-state their prior argument that social security numbers are necessary to perform skip traces on notices returned as undeliverable. This argument is insufficient to overcome the privacy concerns of the defendants[.]"); *see also, Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784 at *9 (W.D.N.Y. Oct. 14, 2009) (denying request for opt-in plaintiffs' phone numbers, social security numbers, dates of birth and email addresses).  However, Defendants shall provide employees' names, last-known addresses (mail and email) and dates of employment.  The Court also declines to order Defendants to email notices to their employees, or to post or publish notices at the work site or in employee newsletters.

As for Defendants' objections to the proposed notice, the Court believes that the proposed notice adequately explains that potential class members have the right to retain their own attorneys, and that it provides a reasonable time (60 days) for potential class members to opt in.  Furthermore, the Court does not believe that the inclusion of the Court's name or the statement, "A court authorized this notice," will mislead potential plaintiffs into thinking that the case has merit.  In that regard, the proposed notice states that, "The Court

has not decided whether Firth Rixson did anything wrong.  There is no money available now, and no guarantee there will be."

Plaintiffs' counsel shall prepare a new notice and settle and submit a proposed order approving the same.  As limited above, Defendants shall provide the requested information concerning potential opt-in plaintiffs[5] to Plaintiffs' counsel within twenty-one (21) days from the date of this Decision and Order.

## CONCLUSION

Plaintiffs' motion (Docket No. [#5]) seeking class certification of the NYLL claim under FRCP 23 and conditional certification of the FLSA collective action under 29 U.S.C. § 216(b) is granted in part and denied in part.  Plaintiffs' application for Rule 23 class certification is denied, without prejudice, as being premature.  The application for conditional certification of the FLSA collective action is granted as to employees of the Monroe facility, and is otherwise denied, without prejudice.  By separate order the Court is denying Defendants' motion to dismiss [#18][#20].  Plaintiffs' motion [#3] for an extension of page-limits and Defendants' motion [#40] for leave to file a sur-reply are granted, *nunc pro tunc*.  The remaining pending motions [#19] [#22] for a stay are denied as moot.

SO ORDERED.

Dated:      June 27, 2012
            Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge

---

[5]Hourly non-exempt employees at the Monroe facility during the three years prior to the date of this Decision and Order.